# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 478

BURKHART v. WAYNE COAL CO. et al

Ohio Appeals, 7th Dist., Jefferson County

Decided May 24, 1924

285. CONSPIRACY—In the absence of the element of malice the members of a combination for the purpose of furthering their own fair interest or advantage are not liable for any injury which is merely accidental.

1177. TORTS—A third party is not liable for tort in securing a contract for property already under contract, for the purpose of his own gain, without making any fraudulent representations regarding the other contracting party.

POLLOCK, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Burkhart obtained options upon certain coal lands of several of the defendants. Options were exercised before they expired and subsequently Burkhart entered into a contract to sell the lands to the Wayne Coal Co. Later the Coal Co. purchased the lands direct from the owners. Thereupon, Burkhart brought this action alleging that the Coal Co. and the land owners conspired together to defeat and defraud him out of his rights under the contract. The court directed a verdict in favor of the defendants and error is prosecuted to reverse the judgment. In affirming the judgment the Court of Appeals held:

1. That in the absence of malice or collusion the land owners were not liable for selling the land to the coal company.

2. That the Coal Co. is not liable for tort in purchasing the property already under contract, in the absence of any fraudulent representations, as to the first contracting party, in order to induce a violation of the contract.

Attorneys—Not stated.

No. 479

McGUGIN v. REES

Ohio Appeals, 5th Dist., Knox County

No. 198. Decided Feb. 16, 1924

367. DEEDS—Parol evidence to contradict the recitation in a deed of consideration is inadmissible where the only purpose of such parol evidence is to affect or change the course of descent.

409. DISTRIBUTION AND DESCENTS— In order for an estate to be ancestral it must come directly from an ancestor without consideration other than blood.

HOUCK ,J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Daniel McGugin died intestate seized in fee simple of a farm, leaving two children, Charles and the defendant, Neva Rees. She thereafter quit-claimed the undivided one-half of the farm to her brother. Charles. The consideration clause stated "in and for a good consideration to me paid by Charles K. McGugin." Charles then died, leaving the plaintiff, his widow, and only surviving heir-at-law. The plaintiff claims that the undivided half conveyed by the quit-claim deed is not ancestral property and that she is therefore entitled to it in fee simple. On appeal, the Court of Appeals dismissed the petition of the plaintiff and found for the defendant, holding:

1. That parol evidence is not admissible to contradict the recitation of consideration in the deed for the purpose of changing the course of descent.

2. The conveyance is for "a good consideration" and is from sister to brother, thereby impressing upon the title the character of a deed of gift.

3. In order for an estate to be ancestral, it must come directly from an ancestor without consideration other than blood. If it comes otherwise, it is not ancestral property.

4. Under the provisions of Section 8573, GC., the fee vests in the defendant, Neva Rees, subject to the life estate of the plaintiff.

Attorneys—Paul M. Ashbaugh and L. C. Stillwell, for McGugin; Walter J. Sperry, for Rees; all of Mt. Vernon.